UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AL HOLIFIELD,

        Petitioner,

v.                                              Case No. 14-CV-1486

PAUL KEMPER and LAUREN CARLTON,

        Respondent.

## SCREENING ORDER

On November 25, 2014, Petitioner Al Holifield filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court after a jury trial of five felonies and two misdemeanors, all drug-related. Petitioner was sentenced to four consecutive terms of one year of initial confinement and one year of extended supervision for four of the felonies, and he received sentences to be served concurrently for the remaining charges. He was incarcerated at Racine Correctional Institution at the time he filed this petition but is currently on supervised release. According to the petition, Respondent Kemper is warden of Racine Correctional Institution and Respondent Carlton is a parole officer.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed,

> the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner raises ten grounds for relief: (1) Petitioner's attorney failed to move to suppress evidence obtained pursuant to an allegedly unlawful search warrant. (2) Certain documents in Petitioner's case, including the criminal complaint, were never filed with the clerk of the court thus depriving the trial court of personal jurisdiction to sentence him. (3) Petitioner's attorney failed to challenge the legality of Petitioner's arrest and initial detention. (4) The detective involved in Petitioner's case used a highly suggestive photo identification procedure in order to allow an informant to falsely identify Petitioner. (5) Petitioner's attorney failed to investigate and challenge an immunity deal given to the informant and the trial court did not allow the defense to adequately cross-examine that informant. (6) The state withheld exculpatory evidence from the defense. (7) Petitioner did not receive a fair trial because important evidence showing he may have been mis-identified was not obtained by defense counsel and/or was improperly excluded by the trial judge. (8) Petitioner's attorney stipulated to certain facts regarding the drugs at issue in the case when he should have cross-examined the state's drug analyst. (9) Petitioner was convicted based on insufficient evidence. (10) The trial court improperly considered Petitioner's juvenile record at his adult sentencing hearing.

I am unable to determine from the face of the petition whether Petitioner is entitled to relief in this case.

**THEREFORE, IT IS ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.[2] The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this  23rd  day of December, 2014.

          s/ William C. Griesbach
          William C. Griesbach, Chief Judge
          United States District Court

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.